```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**LARRY D. JOHNSON,**
                **Petitioner,**

        v.                            CASE NO.  07-3008-SAC

**STATE OF KANSAS,**
**et al.,**
                **Respondents.**

## MEMORANDUM AND ORDER

This petition for writ of habeas corpus, 28 U.S.C. 2254, was filed by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas. Petitioner has not paid the filing fee or submitted a motion for leave to proceed without prepayment of fees (IFP motion).

Petitioner is serving a sentence of 154 months imposed on September 2, 2005, in the Wyandotte County District Court, Kansas City, Kansas, upon his plea of no contest to the charge of second degree murder. Petitioner alleges he did not directly appeal his conviction or sentence, and has not filed any other petitions or motions in state court. Petitioner further alleges he has not raised his claims to the highest state court because his attorney advised him "everything was ok," all his "legal issues" were "taken care of," then stopped representing him, and petitioner was not knowledgeable of appeal procedures. He also alleges his attorney "never filed my appeal like I requested;" and led him to believe all his "rights" had been "exhausted at the state level."

As grounds for this Petition, Mr. Johnson complains that the Wyandotte County District Attorney and the trial judge used his past juvenile criminal history conviction to enhance his sentence without

requiring that the prior conviction be included in the complaint/information and without requiring that it be proven beyond a reasonable doubt to a jury.

**FILING FEE**

Mr. Johnson has not satisfied the filing fee of $5.00 required to proceed in this action, and has not filed a motion for leave to proceed without prepayment of fees. He will be given time to satisfy the filing fee.

**FAILURE TO EXHAUST STATE REMEDIES**

28 U.S.C. 2254(b)(1) provides: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State;" or the applicant shows that State corrective process is either unavailable or ineffective. 28 U.S.C. 2254(b)(1)(B).

Mr. Johnson admits he has not presented all the claims raised in his federal Petition to the state courts and claims his defense attorney in the criminal case informed him all his state remedies had been exhausted. However, he does not allege that he has filed a post-conviction motion in the state court, or that this state process is unavailable to him. Petitioner will be given time to explain why he has not presented his claims to the state court by post-conviction motion in particular, and generally why this action should not be dismissed without prejudice due to his failure to exhaust state remedies. Petitioner should support his allegations

that he did not appeal and believed his state court remedies were exhausted due to incorrect advice from his defense attorney with documentation such as an affidavit or correspondence from his defense attorney.

**TIMELINESS OF PETITION**

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

Id. A statutory exception exists in that the

> time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . .

28 U.S.C. 2244(d)(2).

Petitioner was sentenced on September 2, 2005, and alleges he filed no appeal or post-conviction motion. This action was executed well over a year later on January 10, 2007. Unless petitioner shows he is entitled to either statutory or equitable tolling of the limitations period, this action was filed after the one-year statute of limitations expired and is therefore time barred. In his Petition, Mr. Johnson argues he should be allowed to file his Petition out of time because he was not knowledgeable regarding his appeal rights and procedures, and his attorney told him his remedies were exhausted at the state level. These arguments present no grounds for either statutory or equitable tolling. Petitioner will

be given additional time to state facts showing he is entitled to tolling. His lack of legal knowledge regarding appeals and procedures is not an exceptional circumstance entitling him to equitable tolling.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to satisfy the filing fee by either paying $5.00 or submitting a proper and complete Motion for Leave to Proceed Without Prepayment of Fees; to show cause why this action should not be dismissed for failure to exhaust state court remedies; and to show cause why this action should not be dismissed as time-barred.

The Clerk is directed to transmit forms for filing an IFP motion to petitioner.

**IT IS SO ORDERED.**

Dated this 19th day of January, 2007, at Topeka, Kansas.

s/Sam A. Crow<br>U. S. Senior District Judge

4